**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Amit C. KAUL, a/k/a Amit Kaul; Amitabh C. Khanna; Amitabh C. Khann, Jr.; Rahul C. Khanna; Mark L. Wu; Amitabh Kaul; Kamhaya Kaul; Kevin A. King; Suna Y. Yoo; Sung Y. Yoo, Defendant—Appellant.**

**No. 03–50520.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided June 14, 2004.

Ronald L. Cheng, Esq., John B. Owens, Esq., Bruce Searby, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before TROTT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Amit Kaul appeals the sentence imposed upon him based on his guilty plea of possessing 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). Because the parties are familiar with the factual and procedural his-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tory of this case, we will not recount it here.

After a careful examination of the record, and consideration of the arguments of the parties, we conclude that the district court did not clearly err in its calculation that, pursuant to U.S.S.G. § 2B1.1(b)(1), the intended loss in this case was in excess of $70,000.

However, the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2B1(b)(2)(A)(i), which provides for a sentence enhancement based on a finding that the offense involved *more than ten*, but less than fifty victims. In this case, the district court imposed the enhancement on its finding that there were ten intended victims, stating specifically that:

> it seems to me a two-level enhancement would still be appropriate for ten victims because of the fact there were eight pieces, eight victims in the material in the apartment. And of the other however many letters, it seems to me that two of them would probably fall within the category.

In short, the district court made a finding that there were only ten victims; however, the Guidelines require that there be more than ten victims for a two-level enhancement to be imposed. Thus, as a matter of law, the finding was insufficient to support the enhancement. Thus, we must vacate the judgment and remand for re-sentencing on this issue.

AFFIRMED IN PART; VACATED AND REMANDED FOR RESENTENCING.